# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

FILED BY PG D.C.

OCT 24 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Lenncy W. Jeudy,
　　　Petitioner

V.

U.S Citizenships and Immigration Services And Homeland security,
　　　Defendant's

Case NO:

cat/div 530/2254/MIA
Case #
Judge _____ Mag. REID
Motn Ifp  NO   Fee pd $ 0
Receipt #

## Petition For Writ of mandamus Under 28 U.S.C. 1361.

Through Petitions For writ of mandamus under 28 U.S.C 1361, to compel USCIS to decide his nunc pro Tunc Naturalization application, Lenncy Waldex Jeudy, a native of Haiti who was inspected and admitted into the united states at miami international Airport on May 23 1998, as a lawful resident; Mr. Jeudy has now been physically present in the U.S. for over Twenty years.

On about april 10 2013, Mr. Jeudy filed a N-400 application for naturalization along with criminal history and Traffic records, after USCIS officer review Mr. Jeudy criminal, Traffic history record Then it decide To proceed with his application and scheduled an appointment for Mr. Jeudy To provide his fingerprints at USCIS office in miami.

On about august 14 2013, Mr. Jeudy was interviewed in person by a immigration services officer at USCIS Oakland park office and He passed The english naturalization Test. Approximately one month later after The interview, The officer rescheduled an appointment with Mr. Jeudy, during The process of The interview The officer asking Mr. Jeudy about a domestic violence charge, However, That charge been dismissed a year prior To The naturalization application, and Mr. Jeudy provide The officer with certified copies of The arrest and deposition, etc; Also send a copy certified mail To the USCIS Oakland pack field office. While Mr. Jeudy waiting on a date and time For the public

ceremony, USCIS delay's processing the N-400 application more then 18 months after the initial examination. However, an regulation require that USCIS must either grant or deny a naturalization application with 120 days of the date of the examination 8 C.F.R. 335.3 USCIS Three years delay's the processing due to neglected is not because Mr. Jeudy was statutorily ineligible for the benefit.

Furthermore, Mr. Jeudy contacted USCIS officer's several times regarding his application. However, the application remain pending for more then three year's. The officer fail to act on his N-400 application in a timely manner entitle him to relief in the form of naturalization nunc pro tunc.

On about February 18 2015 Jeudy alleged convicted of an offense while his application was erroneously pending.

On about March 31 2016, Jeudy application was denied in error and USCIS improperly failed to serve him with a copy of its order denying his application, USCIS unreasonable denied Jeudy application without any sufficient prove of law or facts. However, USCIS officer lies and said Jeudy failed to provide arrest record, and thus could not meet his burden to establish his good moral character, but its improperly for USCIS to relied solely on act outside the five years statutory period.

On about January 10 through February 12 2019, Mr. Jeudy filed a pro se request he requested the department of Homeland security and united states citizenship and immigration services to reopen his 2013 naturalization application on a nunc pro tunc basic. USCIS three years delay in adjudication his naturalization application entitles him to relief in the form of naturalization nunc pro tunc. That is naturalization before his 2015 conviction. 8 months passed without the department of homeland security and U.S. citizenship and immigration services taking action on the request. Petitioning for mandamus to compel USCIS officers to decide his nunc pro tunc request.

The administrative procedure Act "APA" "5 U.S.C 551, et. seq." authorizes suits by a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statue." 5 U.S.C 702. The APA also provides relief for a failure to

act: "The reviewing court shall... compel agency unlawfully withheld or unreasonably delayed" 5 U.S.C 706(1); and Therefore give rise To Federal Jurisdiction and mandates relief under The APA.

Petitioner Lenncy Jeudy is seeking a nunc pro Tunc declaration of naturalization. Where an USCIS agent erroneously denied his application for Failed to submit arrest and Traffic history record, The department of homeland security and USCIS knew or should have known Mr. Jeudy provide Them with all his criminal and traffic record a long with is naturalization application, and also all requirement were met. While waitting on a date and time For The public ceremony his application was delay and denied in error and The agent Failed to served him with a copy of its order denying his application.

The department of homeland security and The united states citizenship and immigration services acted unconstitutionally in mishandling petitioner's application and denying him his right to due process. See Zadvydas V. davis 533 U.S. 678 693 S.CT. 2491, 150 L.Ed 2d. 653 2001. Because once an individual submits application, USCIS conducts a background investigation. See 8 U.S.C 1446(a); 8 C.F.R. 3351, which includes a full FBI criminal background check, see 8 C.F.R. 335.2. After completing The background investigation, USCIS schedules a naturalization examination at which The applicant meet with a USCIS examiner For an interview. In order To avoid inordinate processing delays and backlogs, Congress has stated " that The processing of an immigration benefit application which including naturalization," should be completed No later Than 180 days after The initial Filling of The application." 8 U.S.C 1571" USCIS must either grant or deny a naturalization application within 120 days of The date of The examination. 8 C.F.R. 335.3. If an applicant satisfies the statutory requirement for naturalization, USCIS "shall grant The application". 8 C F.R. 335.3(a).

Finally, The appelate court's Found That to obtain nunc pro Tunc relief The petitioner's need to demonstrate That they were erroneously denied The opportunity to apply For § 212(c) relief. The petitioner alleges That pertenant information was left out or overlooked by USCIS officer's leading To an erroneous Finding of Facts Because of The agency action its cause Mr. Jeudy and his Family suffered extreme Hardship, a detainer wasn't necessary if The agent procedures were Followed and all Filling were in chronological order as agency's protocal requires. There is no possible way For an agent To Failed to act on his application in a timely manner, or abandonment his

application unless its was intentionally done arbitrary and capricious, an abuse of discretion and otherwise not in accordance with law. 5 U.S.C 70 (2)(4).

The U.S. district court shall have original jurisdiction pursuant to 28 U.S.C. 133 (Federal question); of any action in the nature of mandamus (28 U.S.C 1361) To compel an officer or employee of the U.S. or any agency thereof to perform a duty owed to the petitioner. 28 U.S.C. 1651 (All Writ Act) 5 U.S.C. 551, et. SEQ (Violation of the administrative procedure act.

Petitioner seeks a preliminary relief of the following:

I. A Nunc pro Tunc ruling is commonly done to correct significant error in immigration proceeding Batanic V. INS to remedy the harshness of the U.S. immigration law and bring an alien back to the position in which they would have been if not for the error.

II. Compel USCIS and DHS officer's to decide his nunc pro Tunc req. for Nunc pro Tunc naturalization.

III. Award petitioner his reasonable attorney's fee, cost and other expenses pursuant to 28 U.S.C. 2412, and other applicable law; and

IV. Grant any and other relief this Honorable court deem just and proper.

I Lenncy Jeudy declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 21 day of October 2019.

Respectfully Submitted,

/s/ [signature]

Lenncy Jeudy #06736-104
F.C.C. Coleman Medium
P.O. Box 1032, Coleman Fl.
33521.

Lanncy W. Jeudy #06736-104
Federal Correctional Complex-Coleman Medium
P.O. Box 1032, Coleman, Fl. 33521

33128-771899

United States District Court
Southern District of Florida
400 N. Miami Avenue
Miami, Fl. 33128.